947 F.2d 953
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Chuck GOODMAN, Plaintiff-Appellant,
v.
Duane SHILLINGER, Warden; Dr. A.P. Kirsch, M.D.; Jim
Ferguson, Deputy Warden; Ron Ruettgers; William
Kline, Defendants-Appellees.
 No. 91-8023.
 United States Court of Appeals, Tenth Circuit.
 Oct. 25, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Chuck Goodman appeals the district court's grant of summary judgment against him in his 42 U.S.C. § 1983 suit against the warden, various subordinate officers in the Wyoming state penitentiary, and A.P. Kirsch, M.D., a contract physician for the prison. The complaint alleged deliberate indifference rising to the level of a constitutional violation under Estelle v. Gamble, 429 U.S. 97 (1976). Plaintiff asserted that his Eighth and Fourteenth Amendment rights were violated (1) when the prison officials made him walk, shackled and handcuffed, across an icy stretch of terrain to a vehicle that was to carry him to a hospital for tests, where he fell, and (2) when the officials subsequently failed to administer properly to his medical needs. After considering plaintiff's deposition, the medical records, and the affidavits from various defendants and medical personnel, the district court granted summary judgment in favor of all defendants, finding there was no contested issue of fact that would warrant a jury verdict in favor of plaintiff on either of his claims.
 
 
 3
 Since the district court's decision the United States Supreme Court has further defined the deliberate indifference test. See Wilson v. Seiter, 111 S.Ct. 2321 (1991). The defendants' state of mind must be considered and something beyond negligence is necessary to state a constitutional claim under this standard. Id.
 
 
 4
 We have reviewed the record and are satisfied that nothing beyond negligence can be shown with respect to the slip-and-fall accident; plaintiff's previous escape from custody justified the use of handcuffs and shackles. Further, the medical records produced in district court indicate that neither the prison officials nor the doctor deliberately denied plaintiff medical care for his condition.[1] Plaintiff in fact received "frequent, numerous, and detailed medical examinations for his complaints of neck, head, and back pain." I R. doc. 10. These included a CAT scan, bone scan, MRI neck scan, and multiple x-rays. Further, the five orthopedic surgeons and a neurologist who examined plaintiff found no injury or damage except "degenerative bone changes." Id.
 
 
 5
 The record clearly shows that plaintiff failed to present facts supporting his allegation of deliberate indifference by defendants.
 
 
 6
 AFFIRMED.
 
 
 7
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Plaintiff himself stated in a deposition,
 Q. And did they ever deny you any medical treatment?
 A. No. I have always been treated in some form or fashion.
 Q. Okay. Do you think that you got a difference of opinion as to what they did versus what you think they should have done?
 A. Yes.
 Q. That's basically what we are down to is difference in opinion. You think they should have done one thing, and you think they did another, right?
 A. Yes.
 Brief of Defendants-Appellees, App. C. "[A] mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment." Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir.1980), cert. denied, 450 U.S. 1041 (1981) (citations omitted).